# In the United States Court of Federal Claims

No. 21-1347 C
(Filed: July 30, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * *  *
                                    *
IRA JEROME ROSS,                    *
                                    *
                 Plaintiff,         *
                                    *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
                 Defendant.         *
                                    *
* * * * * * * * * * * * * * * * *  *
```

*Ira J. Ross*, *pro se*, of Kinder, LA.

*Nathanael B. Yale*, Trial Attorney, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Ira Jerome Ross, asks this Court to review errors allegedly committed by the clerk of the U.S. District Court for the Middle District of Louisiana. The government moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Because Plaintiff fails to state a claim within this Court's jurisdiction, the government's motion is **GRANTED**.

### BACKGROUND

On May 10, 2021, Plaintiff filed a complaint asking this Court to review the actions of another federal court. *See* ECF No. 1 ("Compl."). Plaintiff's complaint alleges that five complaints that he filed in the U.S. District Court for the Middle District of Louisiana that he styled as "criminal" were erroneously filed on the district court's civil docket contrary to the requirements of the Federal Rules of Criminal Procedure. *Id*. at 2-3. Plaintiff asserts that these mis-filings violate his rights under the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution. *Id*. at 4-5. The government filed a motion to dismiss Plaintiff's complaint under RCFC 12(b)(1).

## LEGAL STANDARD

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction.  Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)).  Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States."  *Id*.  Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

## ANALYSIS

This Court lacks subject matter jurisdiction over Plaintiff's complaint.  It is well established that this Court has no jurisdiction to alter the proceedings or decisions of other federal courts.  *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) ("[T]he Court of Federal Claims 'does not have jurisdiction to review the decision of district courts' and 'cannot entertain . . . claim[s] that require[] the court to scrutinize the actions of another tribunal.'") (quoting *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001).  Plaintiff's allegation that the clerk of the U.S. District Court for the Middle District of Louisiana injured him by wrongly docketing complaints on the civil docket that he styled as "criminal" has no jurisdictional nexus to this Court. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").  Furthermore, that this purportedly incorrect docketing is contrary to the Federal Rules of Criminal Procedure or violates Plaintiff's due process and equal protection rights is also a claim that is not within this Court's subject matter jurisdiction.  *See e.g.*, *id.* at 379 ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation."); *Brestle v. United States*, 139 Fed. Cl. 95, 108 (2018) ("Rule 1(a)(1) of the Federal Rules of Criminal Procedure does not indicate that the Federal

2

Rules of Criminal Procedure apply to the United States Court of Federal Claims . . . .").  Moreover, the Court lacks jurisdiction to award Plaintiff money damages based on an alleged violation of the Fourteenth Amendment, as it is not money-mandating and applies to the states, not to the federal government.  *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (noting that the due process clause of the Fourteenth Amendment, among others, is not a sufficient basis for jurisdiction because it does not mandate the payment of money by the government).

## CONCLUSION

For the forgoing reasons, this case is **DISMISSED** for lack of subject matter jurisdiction.  The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED.**

                                         s/ Zachary N. Somers
                                         ZACHARY N. SOMERS
                                         Judge